IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TOMMY DOUGLAS FOSTER SR.** | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| **TRANS UNION, LLC** and **EQUIFAX INFORMATION SERVICES LLC** and **EXPERIAN INFORMATION SOLUTIONS, INC.** and **VERIZON COMMUNICATIONS, INC. d/b/a VERIZON WIRELESS** and **RECEIVABLES PERFORMANCE MANAGEMENT, LLC** | ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED NON-ARBITRATION |
| Defendants. | ) | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Tommy Douglas Foster, Sr., against Defendants Trans Union, LLC, Equifax Information Services LLC, Experian Information Solutions, Inc., Verizon Communications, Inc., d/b/a Verizon Wireless, and Receivables Performance Management, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* and the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

## PARTIES

2. Plaintiff Tommy Douglas Foster, Sr. is an adult individual residing in Dickson, TN.

3. Defendant, Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA.

4. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, NJ.

5. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in Eastern District of Pennsylvania and which has a principal place of business located at 5 Century Drive, Parsippany, NJ.

6. Defendant Verizon Communications, Inc., d/b/a Verizon Wireless ("Verizon") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and which has a principle place of business located at 140 West Street, 20 Floor, New York, NY.

7. Defendant Receivables Performance Management, LLC ("RPM") is a business entity that regularly conducts business in Eastern District of Pennsylvania and which has a registered agent located at 999 3rd Avenue, Suite 2525, Seattle, WA.  The principal purpose of RPM is the collection of debts already in default using the mails and telephone, and RPM regularly attempts to collect said debts.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate

information") from at least February 2013 through present. The inaccurate information includes numerous tradelines, including, but not limited to, accounts with Verizon Wireless and Receivables Performance, as well as personal identifying information.

11. The Receivables Performance debt collection account at issue arose out of transactions which were primarily for personal, family or household purposes.

12. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff and that actually belong to another consumer. Due to the CRAs' faulty procedures, the CRAs mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information.

13. The CRAs have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. The CRAs have repeatedly published and disseminated consumer reports to such third parties from at least February 2013 through the present.

14. Plaintiff has disputed the inaccurate information with the CRAs to their representatives by following the CRA's established procedures for disputing consumer credit information.

15. Plaintiff has disputed the inaccurate information with the CRAs from February 2013 through the present.

16. Notwithstanding Plaintiff's efforts, the CRAs have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and the CRAs continue

to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. The CRAs have repeatedly published and disseminated consumer reports to such third parties from at least February 2013 through the present.

17. Despite Plaintiff's efforts, the CRAs have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

18. Notwithstanding Plaintiff's disputes, Verizon, a furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

19. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

20. Plaintiff's credit reports and files have been obtained from the CRAs and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving

different credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from CRAs by such third parties from at least February 2013 through the present.

21. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Trans Union, Equifax and Experian)

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. At all times pertinent hereto, Trans Union, Equifax and Experian were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

26. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

27. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

28. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union, Equifax and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the

5

requirements imposed on a consumer reporting agency in violation of 15 U.S.C. § 1681e(b) and § 1681i.

29. The conduct of Trans Union, Equifax and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union, Equifax and Experian are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. Verizon)

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. At all times pertinent hereto Verizon was a "person" as that term defined by 15 U.S.C. § 1681a(b).

32. At all times pertinent hereto Verizon was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

33. Verizon violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

34. Verizon's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Verizon is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT TWO– VIOLATIONS OF THE FDCPA
## (PLAINTIFF V. RPM)

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. RPM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

38. The above reporting of the inaccurate information to credit reporting agencies by RPM are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

39. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

40. RPM violated the FDCPA. RPM's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

   a. The false representation of the amount, character or legal status of a debt;

   b. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

   c. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

41. RPM's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

42. As a result of the above violations of the FDCPA, RPM is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMANDED

43. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated:  July 18, 2014            *Attorneys for Plaintiff*